1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT
9                  CENTRAL DISTRICT OF CALIFORNIA
10

11   GREGORIO M.,[1]                    Case No. 8:18-cv-01961-JC
12
                           Plaintiff,    MEMORANDUM OPINION AND
13                                        ORDER OF REMAND
                  v.
14
15   ANDREW SAUL,[2] Commissioner
     of Social Security Administration,
16
                           Defendant.
17

18   **I.    SUMMARY**

19        On November 1, 2018, plaintiff Gregorio M. filed a Complaint seeking

20   review of the Commissioner of Social Security's denial of plaintiff's application

21   for benefits.  The parties have consented to proceed before the undersigned United

22   States Magistrate Judge.

23   ///

24

25        [1]Plaintiff's name is partially redacted to protect his privacy in compliance with Federal
26   Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court
     Administration and Case Management of the Judicial Conference of the United States.
27
          [2]Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul  is hereby
28   substituted in as the defendant in this action.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; November 26, 2018 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

**II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On January 29, 2015, plaintiff filed an application for Disability Insurance Benefits, alleging disability beginning on September 29, 2011[3] due to neck pain, depression, left shoulder pain, low back pain, right hand pain, and headaches. (Administrative Record ("AR") 206, 251). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert. (AR 41-79).

On December 13, 2017, the ALJ determined that plaintiff was not disabled through December 31, 2016, the date last insured. (AR 21-34). Specifically, the ALJ found: (1) plaintiff suffered from the severe impairment of facet arthrosis of the lumbar spine (AR 24); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 25); (3) plaintiff retained the residual functional capacity to perform medium work

///

///

---

[3] Plaintiff alleged a disability onset date of October 18, 2011 in his application for Disability Insurance Benefits, but alleged a disability onset date of September 29, 2011 in his disability report and at the hearing. (AR 53, 206, 251). The 19-day difference is not material for purposes of the Court's analysis.

1  (20 C.F.R. § 404.1567(c)) with additional limitations[4] (AR 25-26); (4) plaintiff

2  could perform past relevant work as a machine operator (AR 33-34); and

3  (5) plaintiff's statements regarding the intensity, persistence, and limiting effects

4  of subjective symptoms were not entirely consistent with the medical evidence and

5  other evidence in the record (AR 26-33).

6       On September 24, 2018, the Appeals Council denied plaintiff's application

7  for review.  (AR 1-4).

8  **III.    APPLICABLE LEGAL STANDARDS**

9       **A.    Administrative Evaluation of Disability Claims**

10      To qualify for disability benefits, a claimant must show that he is unable "to

11  engage in any substantial gainful activity by reason of any medically determinable

12  physical or mental impairment which can be expected to result in death or which

13  has lasted or can be expected to last for a continuous period of not less than

14  12 months."  Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting

15  42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted); 20 C.F.R.

16  § 404.1505(a).  To be considered disabled, a claimant must have an impairment of

17  such severity that he is incapable of performing work the claimant previously

18  performed ("past relevant work") as well as any other "work which exists in the

19  national economy."  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing

20  42 U.S.C. § 423(d)).

21      To assess whether a claimant is disabled, an ALJ is required to use the five-

22  step sequential evaluation process set forth in Social Security regulations.  See

23  Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

24  Cir. 2006) (describing five-step sequential evaluation process) (citing 20 C.F.R.

25

26      [4]The ALJ also determined that plaintiff (i) could lift at least 50 pounds occasionally and

27  lift and carry up to 25 pounds frequently; (ii) could stand and/or walk and/or sit for at least six
    hours in an eight-hour workday; (iii) could climb, balance, stoop, kneel, crouch, or crawl

28  frequently; and (iv) could use ladders, ropes or scaffolds occasionally.  (AR 25-26).

§ 404.1520).  The claimant has the burden of proof at steps one through four – *i.e.*,
determination of whether the claimant was engaging in substantial gainful activity
(step 1), has a sufficiently severe impairment (step 2), has an impairment or
combination of impairments that meets or medically equals one of the conditions
listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and
retains the residual functional capacity to perform past relevant work (step 4).
Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).  The
Commissioner has the burden of proof at step five – *i.e.*, establishing that the
claimant could perform other work in the national economy.  Id.

**B.    Federal Court Review of Social Security Disability Decisions**

A federal court may set aside a denial of benefits only when the
Commissioner's "final decision" was "based on legal error or not supported by
substantial evidence in the record."  42 U.S.C. § 405(g); Trevizo v. Berryhill, 871
F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted).  The
standard of review in disability cases is "highly deferential."  Rounds v.
Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir.
2015) (citation and quotation marks omitted).  Thus, an ALJ's decision must be
upheld if the evidence could reasonably support either affirming or reversing the
decision.  Trevizo, 871 F.3d at 674-75 (citations omitted).  Even when an ALJ's
decision contains error, it must be affirmed if the error was harmless.  See
Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090,
1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate
nondisability determination; or (2) ALJ's path may reasonably be discerned
despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might
accept as adequate to support a conclusion."  Trevizo, 871 F.3d at 674 (defining
"substantial evidence" as "more than a mere scintilla, but less than a
preponderance") (citation and quotation marks omitted).  When determining

whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

## IV.  DISCUSSION

Plaintiff contends that the ALJ improperly rejected the opinion of treating physician, Dr. Michael Moheimani, specifically, the limitation of pushing, pulling or lifting no more than ten pounds. (Plaintiff's Motion at 1-5). The Court agrees that the ALJ erred in considering Dr. Moheimani's opinion. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A.  Pertinent Law

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians." 20 C.F.R. §§ 404.1527(c)(1)-(2) & (e), 404.1502, 404.1513(a); Garrison, 759 F.3d at 1012 (citation and quotation marks omitted).

A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 404.1527(c)(2); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

A treating physician's opinion is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject the uncontroverted opinion of a treating physician by providing "clear and convincing reasons that are supported by substantial evidence" for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating physician's opinion is contradicted by another doctor's opinion, an ALJ may reject such opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted). An ALJ may provide "substantial evidence" for rejecting such a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation marks omitted). Nonetheless, an ALJ must provide more than mere "conclusions" or "broad and vague" reasons for rejecting a treating physician's opinion. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (citation omitted). "[The ALJ] must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

///

6

1    **B.    Pertinent Facts**

2        Plaintiff alleges that he became disabled in September 2011 due to injuries

3    sustained at work. (AR 54). He was thereafter examined and treated by multiple

4    medical providers as part of his workers' compensation claim for right hand injury

5    sustained in July 2011; back pain since September 2011; and neck, head, right foot

6    and ankle pain since October 2011, when he was involved in a vehicle accident

7    while traveling to the industrial medical clinic. (AR 54-69, 603).

8        One of plaintiff's treating physicians was Michael Moheimani, M.D., an

9    orthopaedic surgeon/Qualified Medical Evaluator who treated plaintiff between

10   August 2012 and at least November 2014 in connection with plaintiff's workers'

11   compensation claim.[5] (AR 603-50, 988-1001, 1045-48, 1064-67). During an

12   initial orthopaedic consultation in August 2012, Dr. Moheimani examined plaintiff

13   and reviewed MRI reports of plaintiff's lumbar spine, cervical spine, right hand

14   and right ankle. (AR 605-09). His findings included tenderness in the left

15   paravertebral muscles and trapezius of the cervical spine; reduced extension,

16   lateral bending and left rotation of the cervical spine; tenderness and reduced

17   range of motion of the thoracolumbar spine; and positive straight leg raise

18   bilaterally. (AR 605-08). He diagnosed plaintiff with multilevel cervical disc

19   herniations, multilevel lumbar disc herniations with radicular symptoms, and

20   sprain of the right middle and index fingers with loss of motion. (AR 609). He

21   opined that plaintiff could return to modified work with no pushing, pulling or

22   lifting of more than ten pounds; no overhead work; and no repetitive bending and

23   stooping. (AR 609). He requested physical therapy to rehabilitate plaintiff's

24   injuries and provided naproxen and Vicodin for pain.

25   ///

26

27

28       [5]Plaintiff apparently continued seeing Dr. Moheimani after his workers' compensation
     claim was settled, and paid Dr. Moheimani out-of-pocket. (AR 49-50).

1        Dr. Moheimani examined and treated plaintiff on at least ten occasions after

2    the August 2012 consultation.  (AR 603-50, 988-1067).  In October 2012, Dr.

3    Moheimani diagnosed worst disc herniation C6-C7, lumbar disc herniation L2-L3

4    with retrolisthesis, lumbar disc herniation L3-4 and L4-5, L5 radiculopathy,

5    multilevel lumbar disc herniations with radicular symptoms, and sprain of the right

6    middle and index fingers with loss of motion.  (AR 632-33).  He presented the

7    treatment option of surgery, consisting of cervical fusion and lumbar fusion, which

8    plaintiff wished to defer.  (AR 633).  Plaintiff's work restrictions remained the

9    same through the Permanent and Stationary report in November 2012 and

10   subsequent progress reports.  (AR 620, 624-46, 648-50, 988-1001, 1045-48, 1064-

11   67).

12       **C.**    **Analysis**

13       Here, the ALJ cited Dr. Moheimani's examination findings and functional

14   limitations in the decision, but did not expressly address the weight given to Dr.

15   Moheimani's opinion, expressly reject any functional limitations reflected in Dr.

16   Moheimani's findings, or include any of Dr. Moheimani's limitations in the

17   residual functional capacity assessment.  (AR 28-33).  Instead, the ALJ stated that

18   he gave "significant weight" to the opinions of the consultative examiner and the

19   State agency medical consultants regarding plaintiff's ability to perform medium

20   exertion because they were "consistent with the evidence of record."  (AR 30).

21   Defendant argues that because the decision "establishes that the ALJ was aware of

22   Dr. Moheimani's lifting limitation, and that the ALJ found the opinions of [the

23   consultative examiner] and the State agency reviewing physicians best supported

24   by the record," the ALJ gave a sufficient reason for rejecting Dr. Moheimani's

25   functional limitations.  (Defendant's Motion at 4-5).  The Court disagrees.

26       By failing to include the functional limitations opined by Dr. Moheimani in

27   his residual functional capacity assessment, the ALJ implicitly rejected Dr.

28   Moheimani's opinion.  See Smolen v. Chater, 80 F.3d 1273, 1286 (9th Cir. 1996)

("By disregarding [treating physician's and specialist's] opinions and making contrary findings, [the ALJ] effectively rejected them."). The ALJ's failure to provide a sufficient explanation for the implicit rejection of Dr. Moheimani's opinion was legal error.[6] See Garrison, 759 F.3d at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it [or] asserting without explanation that another medical opinion is more persuasive . . . .") (citation omitted); see also Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must provide an explanation when he rejects "significant probative evidence.") (citation omitted).

The Court cannot confidently conclude that the ALJ's error was harmless. For example, at the administrative hearing, the vocational expert testified that a

---

[6]The ALJ rejected "the chiropractor's assessed functional limitations" as " inconsistent with the objective evidence as a whole which supports a conclusion that [plaintiff] could do work with the limitations noted." (AR 30). Even if the ALJ meant to refer to Dr. Moheimani, who is not a chiropractor, the ALJ's explanation does not meet the level of specificity required by case law. See, e.g., Embrey, 849 F.2d at 422 (Merely listing the objective findings and stating that these factors point toward an adverse conclusion, without relating the objective findings to the specific medical opinions being rejected, is "inadequate."); McAllister, 888 F.2d at 602 (The ALJ's rejection of the treating physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed."). The ALJ also rejected these functional limitations on the ground that "the chiropractor examined [plaintiff] solely in the context of a workers' compensation claim which impacts the persuasiveness and relevance of his opinions." (AR 30). An ALJ may not disregard a medical opinion simply because it was generated for a workers' compensation case, but rather must evaluate any objective medical findings in such opinions "just as he or she would [for] any other medical opinion." Booth v. Barnhart, 181 F. Supp. 2d 1099, 1105-06 (C.D. Cal. 2002) (citing Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996); Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576 (9th Cir. 1988)). In addition, a Social Security decision must reflect that the ALJ actually took into account the pertinent distinctions between the applicable state and federal statutory schemes when evaluating medical opinion evidence provided in a workers' compensation case. See Knorr v. Berryhill, 254 F. Supp. 3d 1196, 1212 (C.D. Cal. 2017) ("While the ALJ's decision need not contain an explicit 'translation,' it should at least indicate that the ALJ recognized the differences between the relevant state workers' compensation terminology, on the one hand, and the relevant Social Security disability terminology, on the other hand, and took those differences into account in evaluating the medical evidence.") (citations omitted).

1 hypothetical person with plaintiff's characteristics could not perform plaintiff's
2 past work if that person could occasionally lift 20 pounds and frequently lift and
3 carry ten pounds. (AR 72). Considering the foregoing specifically, and the
4 overall record as a whole, the Court cannot say that the ALJ would have
5 necessarily reached the same result absent the error regarding the consideration of
6 Dr. Moheimani's opinion.
7       Accordingly, a remand is warranted, at least, so that the ALJ can reevaluate
8 the medical opinion evidence.[7]

## V.    CONCLUSION

10       For the foregoing reasons, the decision of the Commissioner of Social
11 Security is REVERSED and this matter is REMANDED for further administrative
12 action consistent with this Opinion.[8]
13       LET JUDGMENT BE ENTERED ACCORDINGLY.

15 DATED: August 23, 2019

17                               /s/
18                           Honorable Jacqueline Chooljian
                          UNITED STATES MAGISTRATE JUDGE

---

23     [7]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's
24 decision, except insofar as to determine that a reversal and remand for immediate payment of
benefits based thereon would not be appropriate.

26     [8]When a court reverses an administrative determination, "the proper course, except in rare
circumstances, is to remand to the agency for additional investigation or explanation."
27 Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and
quotations omitted); Treichler, 775 F.3d at 1099 (noting such "ordinary remand rule" applies in
28 Social Security cases) (citations omitted).